IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHRISTAKIS, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, et. al., <br><br> Defendants. | 1 : 06 CV 00953 AWI GSA <br><br> **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> (Document # 14) |

Plaintiff Michael Christakis ("Plaintiff") filed a civil action seeking declaratory and injunctive relief under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 65, as purportedly authorized by the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, from the allegedly improper security classification of Plaintiff at the Taft Correctional Institution ("TCI") by Defendants.  Defendants are the Federal Bureau of Prisons ("BOP"), and Harrell Watts, James E. Burrell, Tammy O'Neil and Bernie Ellis, all agents of the BOP (collectively, "Defendants"). This case comes before the Court on Defendants' motion to dismiss.  For the reasons that follow, the motion to dismiss will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an amended complaint in the District Court for the District of Columbia on

February 23, 2006 (Case 1:05-CV-01727-HHK).  On July 24, 2006, the case was transferred to this Court.  In his amended complaint, Plaintiff claims that he was moved to TCI on or about June 12, 2002.  Upon his arrival there, Plaintiff was assessed additional custody classification points by his case manager due to Plaintiff's "history of violence."  According to Plaintiff, his case manager based her assessment on a description found in Plaintiff's Presentence Report of violent acts committed in 1986 for which Plaintiff was never convicted.  Plaintiff argues that the BOP's regulations do not permit the imposition of additional custody classification points for violent conduct without a conviction or finding of guilt for that conduct.  Therefore, the additional points violate the BOP's own regulations, the "Program Statement."

Plaintiff claims that upon learning of the additional points, he initiated the administrative appellate process and properly filed subsequent appeals with his case manager, the facility warden, the regional administrator, and finally to general counsel of the BOP.  All of his appeals were denied.  Accordingly, Plaintiff argues that he has exhausted all administrative remedies and seeks judicial review by this Court of the wrongful decision to add custody classification points.

On November 15, 2007, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  Defendants argue that (1) the interpretation of the BOP guidelines was correct; (2) this Court lacks authority to review the BOP's decision; (3) Plaintiff does not have a constitutional right to be classified in a particular manner; and (4) Plaintiff's claim is untimely.  Plaintiff filed an opposition on March 21, 2008.  Defendants filed a reply brief on April 7, 2008.

## LEGAL STANDARD

**A.    Motion to Dismiss for Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624.  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

### B.   Lack of Jurisdiction

Defendants also argue that this Court lacks subject matter jurisdiction to entertain

Plaintiff's challenge.  As a jurisdictional requirement, the argument is properly raised through a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and not through Rule 12(b)(6).  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  The question of whether this Court may hear a claim naturally precedes the question of whether a party has successfully stated a claim.

Rule 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction.  See Fed. R. Civ. Pro. 12(b)(1).  It is a fundamental precept that federal courts are courts of limited jurisdiction.  Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006).  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

## DISCUSSION

### A.  Subject Matter Jurisdiction

In this case, Plaintiff argues that the BOP incorrectly interpreted its own rule, Program Statement § 5100.7, and asks this Court to review the agency's decision.  The first question this Court must address is whether it has subject matter jurisdiction to review that decision.

There is generally a presumption that agency action is subject to judicial review.  The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof."  5 U.S.C. § 702.  However, when Congress specifically precludes review of agency action, federal courts lack jurisdiction.  Wallace v. Christensen, 802 F.2d 1539, 1542 (9th Cir. 1986) (en banc) (quoting

Heckler v. Chaney, 470 U.S. 821, 828-29 (1985)); see 5 U.S.C. § 701(a)(1) (providing that the general cause of action through the APA does not exist where "statutes preclude judicial review."). Only "clear and convincing evidence" of Congress' intent to foreclose judicial review will overcome the general presumption that it is available. Abbot Laboratories v. Gardner, 387 U.S. 136, 141 (1967). Where such evidence is found, Congress has immunized the agency decision-making from judicial scrutiny and a court may essentially only consider whether the agency has violated the constitution or its statutory limits. United States v. Bozarov, 974 F.2d 1037, 1044-45, (9th Cir. 1992) (holding that a colorable constitutional claim is reviewable even where judicial review is precluded by statute).

Defendants argue that the authority to determine an inmate's security classification was granted to the BOP by Congress through 18 U.S.C. § 3621(b) and that their determination of an individual's classification is excluded from judicial review under the APA. Indeed, individuals convicted and sentenced to terms of incarceration for federal crimes are placed in the BOP's custody pursuant to 18 U.S.C. § 3621. Congress authorized the BOP to designate where prisoners serve their sentences through § 3621(b). 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . ."). Under § 3625, Congress excluded the BOP's placements and designations from those agency actions that are subject to judicial review under the APA. 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [C. Imprisonment].").

Plaintiff argues that other courts have considered similar claims to his and determined that they have subject matter jurisdiction under the APA. It is true that a number of courts have entertained such challenges by holding that § 3625 precludes courts from reviewing "adjudicative" decisions of agencies but not from reviewing "rulemaking" decisions. In those cases, courts closely examined the particular rule of the BOP's "Program Statement" under which the challenged decision was made and determined whether the rule is "interpretive," in

which case it could not be reviewed, or "legislative," in which case it could. For example, in Wiggins v. Wise, 951 F.Supp. 614, 619-620 (S.D. W. Va. 1996), the court found that the BOP's Program Statement 5162.02 is a legislative rule because it "does not involve the application of a regulation to a particular set of facts, but, rather, seeks to establish guidelines applicable to a wide range of situations." Hence, the district court proceeded to review the agency's decision. See also Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998); Downey v. Crabtree, 100 F.3d 662, 666 (9th Cir. 1996).

Here, the challenged decision was made pursuant to the BOP's Program Statement § 5100.7, titled Inmate Security Designation and Custody Classification.[1] In the few cases that have reviewed this particular Program Statement section, see, e.g., Phillips v. Hawk, No. 98-5513, 1999 WL 325487 (D.C. Cir. 1999); Fullenwiley v. Wiley, No. CIV. 98-CV-1698-LEK-GLS, 1999 WL 33504428 (N.D.N.Y. 1999), courts have consistently treated § 5100.7 as an "interpretive" rule and found that they are precluded from reviewing any such "adjudicative" agency decision. Plaintiff has failed to point to any authority that holds otherwise. This Court agrees and holds that Defendants' classifications, which are a part of the BOP's Program Statement § 5100.7, are not subject to the APA because they interpret, clarify, and are consistent with existing law. See Gunderson, v. Hood, 268 F.3d 1149, 1154-55 (9th Cir. 2001).

Accordingly, this Court grants Defendants motion to dismiss for lack of subject matter jurisdiction.

---

[1] The record reflects that Program Statement § 5100.7 was revised on September 12, 2006 and renumbered § 5100.9, but that the relevant sections were not changed.

**ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1. Defendant's motion to dismiss is GRANTED; and
2. Plaintiff's claim is DISMISSED WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:  April 24, 2008                    /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE